UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MORALES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GREG LEWIS, et al.,<br><br>　　　　Defendants. | 1:14-cv-00165-GSA-PC<br><br>ORDER DENYING MOTION FOR<br>CHANGE OF VENUE<br>(Doc. 8.) |

**I.　　BACKGROUND**

　　Jose Luis Morales ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 6, 2014.  (Doc. 1.)  On March 3, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 4.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened the Complaint and issued an order on November 24, 2014, dismissing the Complaint for failure to state a claim and requiring Plaintiff to file an amended complaint within thirty days. (Doc. 7.) On December 22, 2014, Plaintiff filed a motion for change of venue, which is now before the court. (Doc. 8.)

## II.    PLAINTIFF'S MOTION

Plaintiff brings a motion for change of venue from the Eastern District of California to the Northern District of California, because some of his claims in the Complaint arose from events occurring in the Northern District. Plaintiff asserts that his remaining claims, against defendants residing in the Eastern District, are insufficient for Plaintiff to move forward. Plaintiff requests the court to transfer this case to the Northern District, where he will amend the complaint.

### A.    Change of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The decision to transfer venue of a civil action under § 1404(a) lies soundly within the discretion of the trial court. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

### *Discussion*

Plaintiff's claims in the Complaint stem from events that occurred at PBSP in Crescent City, California, and at Kern Valley State Prison (KVSP) in Delano, California. PBSP is located within the boundaries of the Northern District of California, and KVSP is located within the boundaries of the Eastern District of California. Therefore, venue for Plaintiff's

claims arising at PBSP is proper in the Northern District, while venue for the claims arising at KVSP is proper in the Eastern District of California.[1] Thus, the claims in this action arising at PBSP could have been brought in the Northern District of California.

The court's November 24, 2014 order dismissed Plaintiff's Complaint in its entirety for failure to state a claim, with leave to amend. (Doc. 7.) Plaintiff now seeks to proceed at the Northern District of California with his claims arising there. In light of the fact that Plaintiff's entire Complaint has been dismissed by this court, Plaintiff's remedy at this stage of the proceedings is to file a new case at the Northern District which includes only the claims arising in the Northern District. Plaintiff was advised in the court's order of November 24, 2014 that his claims against defendants employed by the CDCR at PBSP should be filed in the U. S. District Court for the Northern District of California. (Id. at 2 n. 2.) Accordingly, Plaintiff's motion for change of venue shall be dismissed.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for change of venue, filed on December 22, 2014, is DENIED.

IT IS SO ORDERED.

   Dated:   **January 15, 2015**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] In fact, the court's order of November 24, 2014, advised Plaintiff that his claims against defendants employed by the CDCR at PBSP should be filed in the U. S. District Court for the Northern District of California. (Doc. 7 at 2 n. 2.)